IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| JOSHUA J. JONES,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>EDWARD LUEDTKE, JOHN FAYRAM, JAKE NOONAN, CURT MAYO, JEAN EVEN, JEAN SCHLICTEMEIER, MIKE BECTOLD,<br><br>　　　　Defendants. | No. C11-0011-LRR<br><br>PRE-INITIAL REVIEW ORDER |

The matter before the court is the plaintiff's application to proceed in forma pauperis (docket no. 1). The plaintiff submitted such application on February 1, 2011. Along with his application to proceed in forma pauperis, the plaintiff submitted a complaint under 42 U.S.C. § 1983.

The plaintiff did not submit the statutory $350.00 filing fee. *See* 28 U.S.C. § 1914(a) (requiring $350.00 filing fee). In order for a court to authorize the commencement of an action without the prepayment of the filing fee, a person must submit an affidavit that includes a statement of all the assets the person possesses. 28 U.S.C. § 1915(a)(1). In addition, a prisoner must submit a certified copy of the trust fund account statement (or institutional equivalent) for the 6-month period immediately preceding the filing of the complaint, obtained from the appropriate official of each prison. 28 U.S.C. § 1915(a)(2). A prisoner bringing a civil action in forma pauperis is required to pay the full $350.00 filing fee. 28 U.S.C. § 1915(b)(1). The full filing fee will be collected even if the court dismisses the case because it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks money damages against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Here, the plaintiff is under the impression that the filing fee is $250.00.[1] On April 9, 2006, the filing fee increased from $250.00 to $350.00. If he wishes to pursue this matter, the plaintiff is directed to inform the court by no later than April 15, 2011 that he is willing to pay on an installment basis the $350.00 filing fee or that he no longer desires to pursue his action. If the plaintiff fails to comply with this order, this case may be dismissed for failure to respond to an order of the court. Fed. R. Civ. P. 41(b); *Edgington v. Missouri Dept. of Corrections*, 52 F.3d 777, 779-80 (8th Cir. 1995); *cf.* L.R. 41.1(b)(4). The court reserves ruling on the plaintiff's application to proceed in forma pauperis and complaint.[2]

---

[1] The form that the plaintiff completed incorrectly suggests that the fee is $250.00.

[2] Before proceeding with his action, the plaintiff should be aware of several points. First, under the Prison Litigation Reform Act,
> [n]o Federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility, for mental or emotional injury suffered while in custody without prior showing of physical injury.

42 U.S.C. § 1997e(e); *see also Royal v. Kautzky*, 375 F.3d 720, 723 (8th Cir. 2004) (concluding that 42 U.S.C. § 1997e(e) applies to all prisoner federal civil actions); *Smith v. Moody*, 175 F.3d 1025 (table) (8th Cir. 1999) (affirming dismissal of inmate's complaint, when inmate failed to allege any physical injury); *Siglar v. Hightower*, 112 F.3d 191, 193-94 (5th Cir. 1997) (affirming dismissal of inmate's claims pursuant to 42 U.S.C. § 1997e(e), where alleged physical injury was merely de minimis). Second, mere harassment, threats or verbal abuse does not give rise to a violation under 42 U.S.C. § 1983. *See Frietas v. Ault*, 109 F.3d 1335 (8th Cir. 1997) ("To prevail on a constitutional claim of sexual harassment, an inmate must therefore prove, as an objective matter, that the alleged abuse or harassment caused 'pain' and, as a subjective matter, that the officer in question acted with a sufficiently culpable state of mind."); *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (allegations of verbal abuse or threats, without more, are not constitutional violations cognizable under 42 U.S.C. § 1983); *Ellingberg v. Lucas*, 518 F.2d 1196 (8th Cir. 1975) (per curiam) (name calling not a constitutional violation); *Risdal v. Martin*, 810 F. Supp. 1049 (S.D. Ia. 1993) (verbal taunts and harassment not sufficiently inhumane or barbarous as to amount to cruel and unusual punishment). Lastly, a plaintiff must fully exhaust administrative remedies prior to commencing an action. *See*

(continued...)

**IT IS SO ORDERED.**

**DATED** this 25th day of March, 2011.

                                                JON STUART SCOLES
                                                Magistrate Judge
                                                UNITED STATES DISTRICT COURT

---

²(...continued)
42 U.S.C. § 1997e(a); *see also Porter v. Nussle*, 534 U.S. 516, 524, 122 S. Ct. 983, 152 L. Ed. 2d 12 (2002) (stating exhaustion in cases covered by 42 U.S.C. § 1997e(a) is mandatory); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) (concluding dismissal is required when an inmate has not administratively exhausted before filing a lawsuit in district court).