**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION**

| | |
|---|---|
| JOSHUA J. JONES,<br><br>      Plaintiff,<br><br>vs.<br><br>EDWARD LUEDTKE, JOHN FAYRAM, JAKE NOONAN, CURT MAYO, JEAN EVEN, JEAN SCHLICTEMEIER, MIKE BECHTHOLD,<br><br>      Defendants. | No. C11-0011-LRR<br><br>ORDER |

The matter before the court is the plaintiff's report to the court (docket no. 4). The plaintiff filed such report on April 5, 2011. As the court directed him, the plaintiff informed the court that he desired to proceed with this action even though the filing fee had increased from $250.00 to $350.00. Given such report, the court deems it appropriate to rule on the plaintiff's application to proceed in forma pauperis and to conduct an initial review of his complaint.

## I. IN FORMA PAUPERIS UNDER 28 U.S.C. § 1915

Based on the plaintiff's application and certificate of inmate account, it is clear that the plaintiff does not have sufficient funds to pay the required filing fee. 28 U.S.C. § 1914(a) (requiring $350.00 filing fee). Thus, in forma pauperis status shall be granted to the plaintiff. *See generally* 28 U.S.C. § 1915. The clerk's office shall file the complaint without the prepayment of the filing fee. Although the court deemed it appropriate to grant the plaintiff in forma pauperis status, the plaintiff is required to pay the full $350.00 filing fee by making payments on an installment basis. 28 U.S.C. § 1915(b)(1); *see also In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997) ("[T]he [Prisoner Litigation Reform Act] makes prisoners responsible for their filing fees the moment the prisoner brings a civil

action or files an appeal."). The full filing fee will be collected even if the court dismisses the case because it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks money damages against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Here, the plaintiff must pay an initial partial filing fee in the amount of 20 percent of the greater of his average monthly account balance or average monthly deposits for the six months preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). Based on his average monthly balance, the court finds that the initial partial filing fee is $10.08. *Id*. The plaintiff shall submit $10.08 by no later than September 28, 2012. *Id*. If necessary, the plaintiff may request in a written motion an extension of time to pay the initial partial filing fee.

In addition to the initial partial filing fee, the plaintiff must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The statute places the burden on the prisoner's institution to collect the additional monthly payments and forward them to the court. Specifically,

> [a]fter payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). Therefore, after the plaintiff pays in full the initial partial filing fee, the remaining installments shall be collected by the institution having custody of the plaintiff. *Id*. The clerk's office shall send a copy of this order and the notice of collection of filing fee to the appropriate official at the place where the plaintiff is an inmate.

## II.  STANDARD OF REVIEW

A pro se complaint must be liberally construed. *See Hughes v. Rowe*, 449 U.S. 5, 9, 101 S. Ct. 173, 66 L. Ed. 2d 163 (1980); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972) (per curiam); *Smith v. St. Bernards Reg'l Med. Ctr.*, 19 F.3d 1254, 1255 (8th Cir. 1994). In addition, unless the facts alleged are clearly baseless, they must be weighed in favor of the plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32-33, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992). A court, however, can dismiss at any time a complaint filed in forma pauperis if the complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b)(1). A claim is "frivolous" if it "lacks an arguable basis in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *accord Cokeley v. Endell*, 27 F.3d 331, 332 (8th Cir. 1994). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Accordingly, a court may review the complaint and dismiss sua sponte those claims that fail "'to raise a right to relief above the speculative level. . . .'", *see Parkhurst v. Tabor*, 569 F.3d 861, 865 (8th Cir. 2009) (quoting *Bell Atl.*, 550 U.S. at 555), or that are premised on meritless legal theories or clearly lack any factual basis, *see Neitzke*, 490 U.S. at 325. *See, e.g., Denton v. Hernandez*, 504 U.S. at 27 (considering frivolousness); *Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir. 1992) (concluding that a district court may dismiss an action if an affirmative defense exists).

## III.  CLAIMS ASSERTED

Currently confined at the Iowa Medical & Classification Center in Coralville, Iowa, the plaintiff, proceeding pro se, submitted a complaint to redress issues that are related to his confinement at the Anamosa State Penitentiary in Anamosa, Iowa. The plaintiff predicates jurisdiction on 28 U.S.C. § 1343. Under 28 U.S.C. § 1391(b), venue appears

proper as the defendants are located in this district and the events giving rise to the instant action occurred in this district.

In his complaint, the plaintiff essentially claims that Mike Bechthold touched him inappropriately during a pat down search and Mike Bechthold made a sexual comment and offered him extra food two days after such pat down search. He also alleges that the other defendants did not do anything after he submitted grievances and complained about Mike Bechthold's sexual misconduct and harassment. Further, the plaintiff states that he fears for his safety.[1] As relief, the plaintiff states that he would like to be awarded an undisclosed amount of damages for the mental stress that he has endured, to have an attorney appointed to represent him and to have criminal charges filed against Mike Bechthold for his sexual misconduct. He also requests that no portion of his monetary judgment be allocated to satisfy outstanding restitution obligations that he has.

## IV. ANALYSIS

### A. Claims Under 42 U.S.C. § 1983

Title 42 U.S.C. § 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

42 U.S.C. § 1983 was designed to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 685, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). However, 42 U.S.C. § 1983 provides no substantive rights. *Albright v. Oliver*, 510 U.S. 266, 271, 114 S. Ct. 807, 127 L. Ed. 2d 114 (1994);

---

[1] The court notes that the plaintiff undated his address on July 20, 2011, and he does not assert that he is still experiencing fear or any other emotions.

*Graham v. Conner*, 490 U.S. 386, 393-94, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989); *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 617, 99 S. Ct. 1905, 60 L. Ed. 2d 508 (1979). "One cannot go into court and claim a 'violation of [42 U.S.C.] § 1983' — for [42 U.S.C.] § 1983 by itself does not protect anyone against anything." *Chapman*, 441 U.S. at 617. Rather, 42 U.S.C. § 1983 provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." 42 U.S.C. § 1983; *see also Albright*, 510 U.S. at 271 (42 U.S.C. § 1983 "merely provides a method for vindicating federal rights elsewhere conferred."); *Graham*, 490 U.S. at 393-94 (same); *Maine v. Thiboutot*, 448 U.S. 1, 4, 100 S. Ct. 2502, 65 L. Ed. 2d 555 (1980) ("Constitution and laws" means 42 U.S.C. § 1983 provides remedies for violations of rights created by federal statute, as well as those created by the Constitution.). To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) the alleged deprivation of that right was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988).

### B. Plaintiff's Claims

Based on the facts that are alleged, it is clear that the plaintiff does not state a viable claim under 42 U.S.C. § 1983. Allegations of sexual harassment or abuse may state a claim under the Eighth Amendment. *See Frietas v. Ault*, 109 F.3d 1335, 1338 (8th Cir. 1997) (stating that, because sexual harassment or abuse can never serve a legitimate purpose and may well result in severe physical and psychological harm, either sexual harassment or sexual abuse can, in certain circumstances, give rise to a claim under the Eighth Amendment).

> To prevail on a constitutional claim of sexual harassment, [a plaintiff] must [. . .] prove, as an objective matter, that the alleged abuse or harassment caused 'pain' and, as a subjective matter, that the [defendant] in question acted with a sufficiently culpable state of mind.

5

*Id.* at 1338. Concerning the sufficiently culpable element, a defendant must have acted with deliberate indifference to the plaintiff's health or safety. *See Berryhill v. Schriro*, 137 F.3d 1073, 1076-77 (8th Cir. 1998) (applying deliberate indifference standard in prison sexual harassment case).

Here, the allegation of sexual abuse is predicated on a pat down search performed by Mike Bechthold. There is no accompanying allegation that Mike Bechthold's conduct caused the plaintiff any pain or other injury. Assuming without deciding that the allegations establish a claim of sexual abuse, they are not sufficiently serious to satisfy the objective component of an Eighth Amendment claim. *See Berryhill*, 137 F.3d at 1076-77 (concluding claim that two officers grabbed the plaintiff's buttocks for a moment did not satisfy the objective component of the Eighth Amendment); *Boddie v. Schnieder*, 105 F.3d 857, 861 (2d Cir. 1997) (concluding that the episodes of sexual harassment and touching without consent do not involve a harm of federal constitutional proportions); *Green v. Elias*, 9 F.3d 1551, (9th Cir. 1993) (finding allegation that female defendant grabbed the plaintiff's genitals during a clothed pat frisk insufficient to state constitutional violation); *cf. Seltzer-Bey v. Delo*, 66 F.3d 961, 962-63 (8th Cir. 1995) (allegations that defendant conducted daily strip searches, made sexual comments about plaintiff's penis and buttocks and rubbed plaintiff's buttocks with nightstick stated valid constitutional claim); *Watson v. Jones*, 980 F.2d 1165, 1165-66 (8th Cir. 1992) (finding valid Eighth Amendment claim where plaintiffs alleged sexual harassment and sexual fondling during pat frisks almost daily and over a two-month period). Further, evidence of deliberate indifference or a culpable state of mind on the part of Mike Bechthold is lacking, especially considering that legitimate purposes can be inferred from Mike Bechthold's clothed pat down search of the plaintiff and that the alleged incident is limited to a brief period. *See Barney v. Pulsipher*, 143 F.3d 1299, 1310 (10th Cir. 1998) (noting failure to show deliberate indifference). In sum, the court concludes that the alleged actions of Mike Bechthold do not constitute "unnecessary and wanton infliction of pain" as contemplated by the Eighth Amendment.

*Frietas*, 109 F.3d at 1338 (citing *Whitley v. Albers*, 475 U.S. 312, 319, 106 S. Ct. 1078, 89 L. Ed. 2d 251 (1986)).

The plaintiff also maintains that the other defendants failed to respond to his grievance and verbal allegations. Such claim fails because the denial of grievances does not state a substantive constitutional claim. *See Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). It also fails because liability under 42 U.S.C. § 1983 may not be grounded upon a respondeat superior theory. *See Canton v. Harris*, 489 U.S. 378, 385, 109 S. Ct. 1197, 103 L. Ed. 2d 412 (1989); *Chambers v. St. Louis County*, 247 F. App'x 846, 848 (8th Cir. 2007); *Tlamka v. Serrel*, 244 F.3d 628, 635 (8th Cir. 2001). The plaintiff's complaint does not include specific allegations against the other defendants; the plaintiff's 42 U.S.C. § 1983 action against the remaining defendants is not cognizable because the plaintiff does not allege that their conduct caused the deprivation of a federally protected right or that they were personally involved with or had direct responsibility for the incident alleged in the complaint. *See Gully v. Maynard*, 218 F. App'x 551, 552 (8th Cir. 2007); *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985).

Lastly, the court declines to appoint an attorney, and the other relief that the plaintiff is seeking is not available. It does not appear from the plaintiff's complaint that he is seeking nominal damages or punitive damages. And, compensatory damages are only available if an inmate has the requisite physical injury to support a claim for mental or emotional suffering. *See Williams v. Hobbs*, 662 F.3d 994, 1011-12 (8th Cir. 2011) (discussing the availability of compensatory damages under 42 U.S.C. § 1997e(e)). Because the plaintiff does not assert any physical injury as a result of the defendants' actions, dismissal is appropriate. *See* 42 U.S.C. § 1997e(e); *see also Royal v. Kautzky*, 375 F.3d 720, 723 (8th Cir. 2004) (concluding that 42 U.S.C. § 1997e(e) applies to all prisoner federal civil actions). Further, the court does not have the authority to commence criminal proceedings. *See e.g., United States v. Armstrong*, 517 U.S. 456, 464, 116 S.

Ct. 1480, 134 L. Ed. 2d 687 (1996) (making clear that it is the executive branch that retains broad discretion to enforce the Nation's criminal laws).  If the plaintiff believes a crime occurred, he should consult law enforcement officials, and, after conducting an investigation, those officials may consult with prosecutors to determine whether charges are warranted.  Whether to prosecute and what charges to file or bring are decisions that rest in the prosecutor's discretion.  *See United States v. Batchelder*, 442 U.S. 114, 124, 99 S. Ct. 2198, 2204, 60 L.Ed.2d 755 (1979); *Bordenkircher v. Hayes*, 434 U.S. 357, 364, 98 S. Ct. 663, 668, 54 L.Ed.2d 604 (1978); *United States v. Nixon*, 418 U.S. 683, 693, 94 S. Ct. 3090, 3100, 41 L.Ed.2d 1039 (1974); *Parkhurst v. Tabor*, 569 F.3d 861, 867 (8th Cir. 2009).  This court has no power to order a member of the executive branch to prosecute certain individuals.

In light of the foregoing, the plaintiff's complaint shall be dismissed as frivolous or for failing to state a claim upon which relief can be granted.  Because the court deems it appropriate to dismiss the complaint pursuant to 28 U.S.C. 1915A(b)(1) and/or 28 U.S.C. § 1915(e)(2)(B), the dismissal of this action shall count against him for purposes of the three-dismissal rule set forth in 28 U.S.C. § 1915(g).

**IT IS THEREFORE ORDERED**:

(1) The plaintiff's application to proceed in forma pauperis status (docket no. 1) is granted.

(2) The clerk's office is directed to file the complaint without the prepayment of the filing fee.

(3) The plaintiff is directed to submit an initial partial filing fee of $10.08 by no later than September 28, 2012.  If necessary, the plaintiff may request in a written motion an extension of time to pay the initial partial filing fee.

(4) After the plaintiff pays the initial partial filing fee, the institution having custody of the plaintiff is directed to collect and remit monthly payments in the manner set

8

forth in 28 U.S.C. § 1915(b)(2). Until the $350.00 filing fee is paid in full, the plaintiff is obligated to pay and the institution having custody of him is obligated to forward 20 percent of the preceding month's income credited to his account each time the amount in the account exceeds $10.00.

(5) The clerk's office is directed to send a copy of this order and the notice of collection of filing fee to the appropriate official at the place where the plaintiff is an inmate.

(6) The plaintiff's 42 U.S.C. § 1983 action is dismissed pursuant to 28 U.S.C. 1915A(b)(1) and/or 28 U.S.C. § 1915(e)(2)(B).

(7) The dismissal of the instant action counts against the plaintiff for purposes of the three-dismissal rule set forth in 28 U.S.C. § 1915(g).

**DATED** this 7th day of September, 2012.

*[signature]*
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

TO:    **WARDEN/ADMINISTRATOR**
        Iowa Medical & Classification Center, Coralville, Iowa

### NOTICE OF COLLECTION OF FILING FEE

You are hereby given notice that Joshua J. Jones, #6355439, an inmate at your facility, filed the following lawsuit in the United States District Court for the Northern District of Iowa: *Jones v. Luedtke, et al.*, Case No. C11-0011-LRR. The inmate was granted in forma pauperis status pursuant to 28 U.S.C. § 1915(b), which requires partial payments of the $350.00 filing fee. Based on the inmate's account information, the court has assessed an initial partial filing fee of $10.08, which the inmate must pay now to the clerk of court. 28 U.S.C. § 1915(b)(1).

> After payment of the initial partial filing fee, the [inmate] shall be required to make monthly payments of 20 percent of the preceding month's income credited to [his] account. The agency having custody of the [inmate] shall forward payments from [his] account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). Therefore, you must monitor the account and send payments to the clerk of court according to the system provided in 28 U.S.C. § 1915(b)(2), that is, you should begin making monthly payments of 20 percent of the preceding month's income credited to the inmate's account.

Please make the appropriate arrangements to have these fees deducted and sent to the court as instructed.

*KJorgensen*   Deputy Clerk

Robert L. Phelps
U.S. District Court Clerk
Northern District of Iowa